IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS D. SERPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-570-LPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION[1]

On April 14, 2014, Plaintiff Thomas D. Serpe ("Plaintiff") filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (D.I. 22) Previously, on March 24, 2014, the Court had entered an Order granting in part and denying in part Plaintiff's Motion for Summary Judgment and remanding Plaintiff's case back to Defendant, the Commissioner of Social Security. (*See* D.I. 21) At the same time, the Court denied Defendant's Cross Motion for Summary Judgment. (*See id.*)

By his current motion, Plaintiff seeks attorney fees totaling $9,858.00, plus any amount "necessitated by the Agency opposing th[e] motion."[2] (D.I. 22 at 4) Defendant objects, contending that, while Plaintiff may be the prevailing party in this civil action, he is not entitled to attorney fees because the Commissioner was substantially justified in the positions he

---

[1] A detailed account of the procedural history and factual background regarding this matter can be found in the Court's Memorandum Opinion March 24, 2014. (D.I. 20)

[2] Counsel asks for an award consisting of 53.0 hours at a rate of $186.00 per hour.

1

advocated. (D.I. 25 at 5) Alternatively, Defendant requests that the Court limit any fee award to $6,324.00 based on Defendant's view that the hours expended on this case were cumulative and excessive. (*See id.* at 14)

## II. LEGAL STANDARDS

The EAJA provides that "a prevailing party in a litigation against the government shall be awarded 'fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Williams v. Astrue*, 600 F.3d 299, 301 (3d Cir. 2009) (quoting 28 U.S.C § 2412 (d)(1)(A)). The statute "does not create a presumption in favor of an award of costs to the prevailing party." *Cruz v. Commissioner of Social Sec.*, 630 F.3d 321, 325 (3d Cir. 2010) (internal citation and quotation marks omitted). However, the "burden of establishing that there is substantial justification for its position" rests with the government. *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).

"The Supreme Court has defined substantial justification under the EAJA as 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id.* at 683 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[T]he government's position is substantially justified 'if it has a reasonable basis in law and fact.'" *Id.* at 684 (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). Broad discretion rests with the trial court in awarding costs. *See id.*

## III. DISCUSSION

The Court must first determine whether Plaintiff is the "prevailing party." *See* 28 U.S.C.

§ 2412(d)(1)(A). Because the Court entered an Order remanding Plaintiff's application to the Commissioner for further administrative proceedings (D.I. 21), he is the prevailing party pursuant to 28 U.S.C. § 2412(d)(1)(A). *See Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993). Defendant appears not to contest this point.

To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for his position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Williams*, 600 F.3d at 302. "[A] court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Morgan*, 142 F.3d at 685. Hence, the Court "look[s] beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Williams*, 600 F.3d at 302 (internal citations omitted).

### A. Reasonable Basis in Truth

In remanding this case, the Court detailed in its Memorandum Opinion that the "ALJ failed to give greater weight to the opinions of T.S.'s treating physician, Dr. Tonogbanua, as well as T.S.'s other doctors or counselors, in contradiction to the 'treating physician' doctrine." The "treating physician" doctrine provides that when a "a court consider[s] a claim for disability benefits, [the Court] must give greater weight to the findings of a treating physician than to the findings of a physician who has examined the claimant only once or not at all." *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993) (citing *Gililand v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986)). An ALJ may reject a treating physician's opinion "only on the basis of contradictory

medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).

Here, as the Commissioner points out, and as the ALJ detailed in its opinion (Tr. at 36-37), there was evidence in the record that was inconsistent with a finding of disability. Specifically, as the government argues, the ALJ considered the following evidence in addition to the treating physician's opinion:

> a psych-educational assessment indicated that Plaintiff's reading, math, writing, and language skills were adequately developed and that he was functioning on a level that was expected for a child his age (Tr. 293); since November 2006, Plaintiff has been stable on his medications (*see, e.g.*, Tr. 440, 490); Dr. Simon opined that Plaintiff's test results did not suggest that he had any significant cognitive problems (Tr. 308); Dr. Simon also noted that Plaintiff did not have significant difficulties in concentration, persistence, and pace (Tr. 308); Plaintiff reported no problems with 13 of the 20 items listed on a self-reporting sheet. Plaintiff also stated that he was extremely satisfied with his life (Tr. 286 86); the state agency consultants opined that Plaintiff had less than marked or no limitations in all domains of functioning (Tr. 310-14, 485); upon discharge from New Behavioral Network, Plaintiff had reached the maximum benefits of his IOP program (Tr. 321). He attended school on a regular basis, and had made some progress regarding his compliance with treatment (Tr. 321); and at Jewish Family Services, it was noted that Plaintiff was always pleasant and compliant in sessions (Tr. 468). The ALJ discussed the applicable regulations and SSRs concerning the assessment of Plaintiff's credibility, specifically referring to 20 C.F.R. § 416.929 and SSRs 96-4p and 96-7p (Tr. 28). The ALJ also discussed Plaintiff's and his father's testimony at length (Tr. 31-36).

(D.I. 25 at 4) In light of this record, the government had a reasonable basis in fact to contend that Plaintiff was not disabled, that there was evidence contradicting the opinion of the treating

4

physician, and, therefore, that the ALJ's finding of no disability was not inconsistent with the treating physician rule.

Although the Court rejected the government's position, it does not necessarily follow that the government's position was not reasonably justified. *See Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996) ("[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action.").

**B.    Reasonable Basis in Law**

It follows largely from what the Court has already said that the position advocated by the government in this appeal had a reasonable basis in law. In briefing the pending motion, the Commissioner has cited significant authority supporting the reasonableness of the legal theory he advocated in this appeal (and other similar appeals). (*See* D.I. 25 at 3) (citing, e.g., *Broussard v. Bowen*, 828 F.2d 310, 311-12 (5th Cir. 1987) (stating "substantial-evidence standard and the without-reasonable-justification standard are neither semantic nor legal equivalents")) Plaintiff cites no authority to the contrary.

**C.    Reasonable Connection Between the Facts
        Alleged and the Legal Theory Advanced**

Just as there was a reasonable basis in fact and in law for the position advocated by the government in this appeal, there is also a reasonable connection between the facts on which the government relied and the legal theory it advanced.

**IV.    CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for

5

Attorney Fees (D.I. 22) is **DENIED**.

IT IS FURTHER ORDERED that because the Court issued its Memorandum Opinion under seal, the parties shall meet and confer and shall provide the Court, no later than March 5, 2015, a proposed redacted version of the Memorandum Opinion. Thereafter, the Court will issue a public version of the Memorandum Opinion.

February 24, 2015
Wilmington, Delaware

UNITED STATES DISTRICT COURT